UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                    Plaintiff,

vs                                    Cr. No.   16-20143
                                      HONORABLE AVERN COHN

DEAUNTA BELCHER,

                    Defendant.
_____/


       **DEFENDANT DEAUNTA BELCHER'S MOTION TO ADJOURN TRIAL
          IN ANTICIPATION OF SUPERSEDING INDICTMENT**

    John A. Shea, attorney for Defendant Deaunta Belcher, brings this Motion to Adjourn Trial and in support says as follows:

    1.   Defendant is charged with Retaliation Against Witness/Victim/Informant in violation of 18 U.S.C. § 1513(a)(1)(B), Conspiracy to Retaliate Against Witness/Victim/Informant murder in violation of 18 U.S.C. § 1513(f), and Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire in violation of 18 U.S.C. § 1958.

    2.   Trial of these charges is scheduled to begin on February 5, 2018, with jury selection on February 2.

    3.   On December 14, 2017, the Government advised defense counsel via e-mail that it intended to file a superseding indictment sometime in January, 2018, alleging a drug conspiracy related to the already-charged homicide under 21 U.S.C. § 846, and also a violation of 18 U.S.C. § 924(j) alleging that that the already-charged homicide occurred during and in relation to the drug conspiracy.  No other details were provided as to the anticipated new charges.  In

conjunction with filing the superseding indictment, the Government also advised that existing Counts 1 and 2 would be dismissed, because it no longer believed that the homicide was motivated by the victim's status as a Government witness.

4. Previously, and as far back as the fall of 2016, the Government had advised undersigned counsel that it anticipated superseding the indictment in relation to a possible drug conspiracy charge. However, the Sec. 924(j) charge had not previously been mentioned, and in any event counsel expected such an event to have occurred well prior to now with adequate time to work these new charges into trial preparation. Instead, the Government intends to bring new charges less than a month before trial.

5. In response to this December 14 correspondence, and on that same day, undersigned counsel protested to the Government that this 11th-hour notice was insufficient for adequate investigation and trial preparation. Counsel does not know the particulars of the alleged drug conspiracy, whether the conspiracy includes some, all, or none of the present co-defendants, whether it includes the victim, and, most important, the particulars about the alleged relationship of the drug conspiracy to the homicide. Counsel has little relevant discovery regarding these additional charges (and, to his knowledge, <u>none</u> with respect to the anticipated Sec. 924(j) count), nor does he have sufficient data to investigate this theory until the charges are known. And finally, his representation of Defendant in connection with them is not approved or budgeted under the Criminal Justice Act.

6. In that same response, undersigned counsel advised that he would seek an adjournment of trial given the anticipated new charges. The Government confirmed that it would object to any adjournment.

7. Counsel was unable to discuss this development with Defendant until December 23, and while Defendant is not pleased with the prospect of trial being adjourned, he understands counsel's concern about going forward with inadequate time to meet the anticipated new charges.

8. When the Government brings an original indictment, by statute a defendant has at least 30 days in which to prepare for trial. *18 U.S.C. § 3161(c)(2).* While this minimum time period does not apply to superseding indictments, see *United States v Rojas-Contreras, 474 U.S. 231, 105 S.Ct. 55, 88 L.Ed.2d 537 (1985)*, the Court has broad discretion to grant a continuance of trial when a superseding indictment is brought on the eve of trial. *Id., 474 U.S. at 236; United States v. Prince, 214 F.3d 740, 762-763 (2000).*

9. Given the lack of prior notice (other than the mention by the Government that it anticipated superseding the original indictment with a drug conspiracy count), the lack of discovery, insufficient information with which to conduct independent investigation, and the need for adequate time to integrate these new charges into the defense theory, counsel urges the Court to exercise its discretion to adjourn trial for 75 days. Although in the above-cited cases the trial court's denial of a continuance was upheld, in those cases the changes in the superseding indictments were innocuous: in *Rojas-Contreras* the new indictment merely corrected a typographical error in the original indictment, and in *Prince* the

defendant had been placed on notice of the particulars of the new charges by virtue of an earlier motion filed by the Government. In this case, the anticipated new charges are hardly innocuous. The Government is pressing an entirely new theory as to the motive and circumstances underlying the homicide.

10. This is, after all, a murder case, with Defendant facing imprisonment for life. In light of Defendant's Sixth Amendment right to "effective" representation, counsel would be remiss in his duties were he not to seek additional time in order to properly and adequately prepare for trial.

11. Given the above, granting this *Motion* is consistent with and authorized by 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), and LR 40.2. The resultant delay would be excludable under the Speedy Trial Act.

12. As mentioned above, counsel has asked the Government for concurrence in the relief requested in this motion and it has been denied.

WHEREFORE counsel requests that this Court grant this Motion and adjourn trial for at least 75 days.

Dated: December 28, 2017

s/John A. Shea
John A. Shea (P37634)
Attorney for Defendant
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
(734) 995-4646
jashea@earthlink.net

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs                                        Cr. No.   16-20143
                                        HONORABLE AVERN COHN

DEAUNTA BELCHER,

        Defendant.
_____/

## BRIEF IN SUPPORT OF MOTION TO ADJOURN TRIAL

    In support of his request that trial be adjourned, Defendant relies on the factual recitation, statutory citation, and local rule citation set forth in his *Motion*.


Dated:  December 28, 2017                      s/John A. Shea_____
                                                           John A. Shea (P37634)
                                                           Attorney for Defendant
                                                           120 N. Fourth Avenue
                                                           Ann Arbor, Michigan 48104
                                                           (734) 995-4646
                                                           jashea@earthlink.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on December 28, 2017, he electronically filed a copy of Defendants' *Motion to Adjourn Trial in Anticipation of Superseding Indictment* and *Brief in Support*.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.


Dated: December 28, 2017                s/John A. Shea
                                        John A. Shea (P37634)
                                        Attorney for Defendant
                                        120 N. Fourth Avenue
                                        Ann Arbor, Michigan 48104
                                        (734) 995-4646
                                        jashea@earthlink.net