United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,             Case No. 16-20143

        v.                   Honorable Avern Cohn

Deaunta Belcher,
Andre Watson,

        Defendants.
_____/

# Government's Proposed Jury Instructions

The government requests, pursuant to Federal Rule of Criminal Procedure 30, that the Court provide the attached jury instructions. After each proposed instruction, the government has included the legal authority or authorities on which that instruction is based. Most of the proposed instructions mirror the Sixth Circuit Pattern Criminal Jury Instructions.

The government reserves the right to challenge these instructions at the close of the proofs.

Respectfully submitted,

Matthew Schneider
United States Attorney

/s/ Shane Cralle
Shane Cralle
Terrence Haugabook
Assistant United States Attorneys
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9100
Email: shane.cralle@usdoj.gov

Dated: September 4, 2018

2

# Table of Contents

Part One: General Principles .......................................................... 1

    Court's Instruction No. __: Introduction ........................................ 1
    Court's Instruction No. __: Juror's Duties .................................... 2
    Court's Instruction No. __: Presumption of Innocence,
        Burden of Proof, Reasonable Doubt .................................... 3
    Court's Instruction No. __: Credibility of Witnesses ..................... 8
    Court's Instruction No. __: Number of Witnesses ...................... 10
    Court's Instruction No. __: Lawyers' Objections........................... 11

Part Two: Defining the Crimes ................................................... 12

    Court's Instruction No. __: Introduction ...................................... 12
    Court's Instruction No. __: Separate Consideration—
        Multiple Defendants Charged with Same and Different
        Crimes ........................................................................ 13
    Court's Instruction No. __: On or About........................................ 14
    Court's Instruction No. __: Use of the Word "And" in the
        Indictment16

Part Three: Defining the Crimes ............................................... 17

    Court's Instruction No. __: Elements of Count One ..................... 17
    Court's Instruction No. __: Elements of Count Two ...................... 20
    Court's Instruction No. __: Elements of Count Three ................... 24
    Court's Instruction No. __: Elements of Count Four ..................... 30

Part Five: Defendants' Theory of the Case ............................... 33

    Court's Instruction No. __: Defense Theory ................................ 33

Part Six: Special Evidentiary Matters ...................................... 34

i

Court's Instruction No. __: Defendant's Election Not to
    Testify or Present Evidence ......................................35
Court's Instruction No. __: Defendant's Testimony......................36
Court's Instruction No. __: Opinion Testimony ............................37
Court's Instruction No. __: Impeachment by Prior
    Inconsistent Statement Not Under Oath ................................38
Court's Instruction No. __: Impeachment of a Witness Other
    than Defendant by Prior Conviction........................................39
Court's Instruction No. __: Testimony of a Cooperating
    Defendant 40
Court's Instruction No. __: Summaries and Other Materials
    Not Admitted in Evidence ........................................41
Court's Instruction No. __: False Exculpatory Statements..........42

Part Seven: Deliberations and Verdict ....................................44

Court's Instruction No. __: Introduction ....................................44
Court's Instruction No. __: Punishment......................................49
Court's Instruction No. __: Verdict Limited to Charges
    Against These Defendants ........................................51
Court's Instruction No. __: Court Has No Opinion......................52
Court's Instruction No. __: Juror Notes .......................................53

# Part One: General Principles

## Court's Instruction No. __: Introduction

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

(4)     Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)     And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)     Please listen very carefully to everything I say.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 1.01

1

**Court's Instruction No. __: Juror's Duties**

(1)     You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3)     The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

(4)     Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.


Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 1.02

2

## Court's Instruction No. __: Presumption of Innocence, Burden of Proof, Reasonable Doubt

(1)  As you know, the defendants have pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

(2)  Instead, each defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)  This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)  The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof which is so
        convincing that you would not hesitate to rely and act on it in
        making the most important decisions in your own lives. If you are
        convinced that the government has proved the defendant guilty
        beyond a reasonable doubt, say so by returning a guilty verdict. If
        you are not convinced, say so by returning a not guilty verdict.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 1.03

**Court's Instruction No. __: Evidence Defined**

(1)     You must make your decision based only on the evidence that you
        saw and heard here in court. Do not let rumors, suspicions, or
        anything else that you may have seen or heard outside of court
        influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said
        while they were testifying under oath; the exhibits that I allowed
        into evidence; and the stipulations that the lawyers agreed to.

(3)     Nothing else is evidence. The lawyers' statements and arguments
        are not evidence. Their questions and objections are not evidence.
        My legal rulings are not evidence. And my comments and
        questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the
        questions that the lawyers asked. I also ruled that you could not
        see some of the exhibits that the lawyers wanted you to see. And
        sometimes I ordered you to disregard things that you saw or
        heard, or I struck things from the record. You must completely
        ignore all of these things. Do not even think about them. Do not
        speculate about what a witness might have said or what an
        exhibit might have shown. These things are not evidence, and you
        are bound by your oath not to let them influence your decision in
        any way.

(5)     Make your decision based only on the evidence, as I have defined
        it here, and nothing else.


Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 1.04

5

**Court's Instruction No. __: Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 1.05

**Court's Instruction No. __: Direct and Circumstantial Evidence**

(1)　　Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)　　Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)　　Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)　　It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 1.06

7

**Court's Instruction No. __: Credibility of Witnesses**

(1)     Another part of your job as jurors is to decide how credible or
        believable each witness was. This is your job, not mine. It is up to
        you to decide if a witness's testimony was believable, and how
        much weight you think it deserves. You are free to believe
        everything that a witness said, or only part of it, or none of it at
        all. But you should act reasonably and carefully in making these
        decisions.

(2)     Let me suggest some things for you to consider in evaluating each
        witness's testimony.

        (A)     Ask yourself if the witness was able to clearly see or hear the
                events. Sometimes even an honest witness may not have
                been able to see or hear what was happening, and may make
                a mistake.

        (B)     Ask yourself how good the witness's memory seemed to be.
                Did the witness seem able to accurately remember what
                happened?

        (C)     Ask yourself if there was anything else that may have
                interfered with the witness's ability to perceive or remember
                the events.

        (D)     Ask yourself how the witness acted while testifying. Did the
                witness appear honest? Or did the witness appear to be
                lying?

        (E)     Ask yourself if the witness had any relationship to the
                government or to the defendant, or anything to gain or lose
                from the case, that might influence the witness's testimony.
                Ask yourself if the witness had any bias, or prejudice, or
                reason for testifying that might cause the witness to lie or to
                slant the testimony in favor of one side or the other.

8

(F)    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)    And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)    These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 1.07

**Court's Instruction No. __: Number of Witnesses**

(1)     One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 1.08

## Court's Instruction No. __: Lawyers' Objections

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2)     The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.


Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 1.09

11

# Part Two: Defining the Crimes

## Court's Instruction No. __: Introduction

(1)   That concludes the part of my instructions explaining your duties
and the general rules that apply in every criminal case. In a
moment, I will explain the elements of the crimes that each
defendant is accused of committing.

(2)   But before I do that, I want to emphasize that the defendants are
only on trial for the particular crimes charged in the indictment.
Your job is limited to deciding whether the government has proved
the crimes charged.

(3)   Also keep in mind that whether anyone else should be prosecuted
and convicted for this crimes is not a proper matter for you to
consider. The possible guilt of others is no defense to a criminal
charge. Your job is to decide if the government has proved this
defendant guilty. Do not let the possible guilt of others influence
your decision in any way.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 2.01

**Court's Instruction No. \_\_: Separate Consideration—Multiple Defendants Charged with Same and Different Crimes**

(1)   The defendants have each been charged with several crimes together, and one of the defendant has been charged separately in another crime. I will explain to you in more detail shortly which defendants have been charged with which crimes. But before I do that, I want to emphasize several things.

(2)   The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(2)   Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

Sixth Circuit Pattern Criminal Jury Instructions, 2016 Edition, § 2.01D

13

**Court's Instruction No. __: On or About**

(1)  Next, I want to say a word about the date mentioned in the indictment.

(2)  The indictment charges that the crimes happened "on or about" September 11, 2015, and September 24, 2015. The government does not have to prove that the crimes happened on these exact date. But the government must prove that the crimes happened reasonably close to those dates.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 2.04

14

**Court's Instruction No. \_\_: Inferring Required Mental State**

(1)     Next, I want to explain something about proving a defendant's
         state of mind.

(2)     Ordinarily, there is no way that a defendant's state of mind can be
         proved directly, because no one can read another person's mind
         and tell what that person is thinking.

(3)     But a defendant's state of mind can be proved indirectly from the
         surrounding circumstances. This includes things like what a
         defendant said, what a defendant did, how a defendant acted, and
         any other facts or circumstances in evidence that show what was
         in a defendant's mind.

(4)     You may also consider the natural and probable results of any acts
         that a defendant knowingly did or did not do, and whether it is
         reasonable to conclude that a defendant intended those results.
         This, of course, is all for you to decide.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 2.08

**Court's Instruction No. __: Use of the Word "And" in the Indictment**

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 2.12

16

# Part Three: Defining the Crimes

## Court's Instruction No. __: Elements of Count One
(Use of Interstate Facilities in Murder-for-Hire)

(1)    Count one of the indictment charges the defendants with the use of certain interstate facilities in the commission of a murder-for-hire.

(2)    For you to find each defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

    (A)    First, that the defendant used, or caused another person to use, any facility of interstate or foreign commerce.

    (B)    Second, that the defendant did so with the intent that a murder be committed in violation of Michigan law.

    (C)    Third, as consideration for the receipt of, or a promise of, or agreement to pay anything of pecuniary value.

    D)    Fourth, that death resulted.

(3)    First-degree murder in Michigan has the following four elements:

    (A)    First, that the defendant caused the death of another person, that is, that other person died as a result of the act or acts committed by the defendant.

    (B)    Second, that the defendant intended to kill the deceased.

    (C)    Third, that this intent to kill was premeditated, that is, thought out beforehand.

17

(D)     Fourth, that the killing was deliberate, which means that the defendant considered the pros and cons of the killing and thought about and chose his actions before he did it. There must have been real and substantial reflection for long enough to give a reasonable person a chance to think twice about the intent to kill. The law does not say how much time is needed, but the killing cannot be the result of a sudden impulse without thought or reflection. It is for you to decide if enough time passed under the circumstances of this case.

(4)     "Anything of pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.

(5)     A "facility of interstate commerce" includes means of transportation and communication. This includes the use of a cellular telephone, the cellular telephone network, and the internet.

(6)     However, while the defendant must use a facility of interstate commerce, the use itself may be either intrastate or interstate. In other words, you need not find that anyone traveled out of state or made a telephone call to a person in another state; all that is required is that a defendant used, or caused another to use, such a facility of interstate commerce.

(7)     The government must prove a *quid pro quo* between the person who solicits the murder and the person who would commit the murder. In other words, it requires a mutual understanding that something of value will be exchanged for committing a murder, and you may find a defendant guilty regardless of whether the payment occurred or was to occur in the future.

(8)     If you are convinced that the government has proved all of these elements for this charge, say so by returning a guilty verdict on this charge. If you have reasonable doubt about any of these

18

elements, then you must find the defendant not guilty of this charge.

*United States v. Acierno*, 579 F.3d 694, 699 (6th Cir.2009) (listing elements and defining "consideration"); *United States v. Cope*, 312 F.3d 757, 771 (6th Cir. 2002) (statute requires use of facility of interstate commerce, but does not require interstate use of such facility) (citing *United States v. Marek*, 238 F.3d 310, 316) (5th Cir. 2001) (en banc)); Michigan Crim. J.I. 16.1 (First-degree Premeditated Murder); *see also United States v. Drury*, 396 F.3d 1303, 1310–12 (11th Cir. 2005) (explaining Congress amended § 1958 in 2004 to clarify that intrastate use of a facility of interstate commerce alone is sufficient to convict); Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, 2016 Edition, p. 351–52, available at http://www.scd.uscourts.gov/pji/PatternJuryInstructions.pdf

**Court's Instruction No. __: Elements of Count Two**
(Conspiracy to Distribute Controlled Substances)

(1)    Count two of the indictment charges the defendants with
conspiracy to distribute a controlled substance, specifically cocaine
and oxycodone. It is a crime for two or more persons to conspire, or
agree, to commit a drug crime, even if they never actually achieve
their goal.

(2)    A conspiracy is a kind of criminal partnership. For you to find a
defendant guilty of the conspiracy charge, the government must
prove each and every one of the following elements beyond a
reasonable doubt:

   (A)    First, that two or more persons conspired, or agreed, to
   distribute a mixture or substance containing cocaine,
   oxycodone, or both.

   (B)    Second, that the defendant knowingly and voluntarily joined
   the conspiracy.

(3)    Now I will give you more detailed instructions on some of these
terms.

   (A)    The term "distribute" means to deliver or transfer a
   controlled substance. The term distribute includes the
   actual, constructive, or attempted transfer of a controlled
   substance. The term distribute also includes the sale of a
   controlled substance.

   (B)    With regard to the criminal agreement, the government
   must prove that two or more persons conspired, or agreed, to
   cooperate with each other to distribute a mixture or
   substance containing cocaine, oxycodone, or both.

20

(i)     This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(ii)    What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to distribute a controlled substance. This is essential.

(iii)    An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(iv)    One more point about the agreement. The indictment accuses the defendants of conspiring to commit several drug crimes, specifically to distribute both cocaine and oxycodone. The government does not have to prove that the defendants agreed to commit both of these crimes. But the government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

(C)    With regard to the second element – the defendant's connection to the conspiracy – the government must prove that the defendant knowingly and voluntarily joined that agreement.

(i)     The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals. You must consider each defendant separately in this regard.

(ii)    This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(iii)   Further, this does not require proof that the defendant knew the drug involved was cocaine or oxycodone. It is enough that the defendant knew that it was some kind of controlled substance. Nor does the government have to prove that the defendant knew how much cocaine or oxycodone was involved. It is enough that the defendant knew that some quantity was involved.

(iv)    But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(v)     A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to

22

the government to convince you that such facts and circumstances existed in this particular case.

(4)   You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

Sixth Circuit Pattern Criminal Jury Instructions, 2015 Edition, § 14.02, 14.05

**Court's Instruction No. __: Elements of Count Three**
(Causing Death through the Use of a Firearm During and in Relation to a Drug Trafficking Crime)

(1)  Count three of the indictment charges the defendants with causing death through the use of a firearm during and in relation to a drug trafficking crime. For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A)  First, that the defendant committed the drug trafficking crime charged in Count Two. Conspiracy to distribute a controlled substance is a drug trafficking crime which may be prosecuted in a court of the United States.

    (B)  Second, that the defendant knowingly used a firearm.

    (C)  Third, that the use of the firearm was during or in relation to the drug trafficking conspiracy.

    (D)  Fourth, in the course of doing so, the defendant caused the death of another person through the use of the firearm.

    (E)  Fifth, the death was an unlawful killing of a human being with malice aforethought.

(2)  Now, I will give you more detailed instructions on some of these terms.

    (A)  To establish the "use" of a firearm, the government must prove active employment of the firearm during and in relation to the crime charged in Count Two. "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm.

24

(B)   The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

(C)   The phrase "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count Two; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count Two, and its presence or involvement cannot be the result of accident or coincidence.

(D)   The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(E)   The phrase "with malice aforethought" means deliberately and intentionally.

(3)   If you are convinced that the government has proved all of these elements for this charge, say so by returning a guilty verdict on this charge. If you have reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 12.02; 18 U.S.C. § 924(c); Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, 2016 Edition, p. 183–84, available at http://www.scd.uscourts.gov/pji/PatternJuryInstructions.pdf

**Court's Instruction No. __: Liability for the Acts of Others**

(1)    With respect to count three, which charges the defendants with using a firearm during and in relation to a drug trafficking offense and causing death through the use of the firearm in the course of that offense, there are three different ways in which a defendant can be held responsible. The first is if you find that the defendant committed the act charged, with the necessary mental state, as I have instructed you.

(2)    Under the law, it is not necessary for you to find that a defendant personally committed the crime for you to find him guilty of the offense. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor. This is the second way in which a defendant can be held responsible.

(3)    But for you to find the defendant guilty of using a firearm to cause death during and in relationship to a drug trafficking offense as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A)    First, that the crime of using a firearm during and in relation to a drug trafficking crime was committed.

    (B)    Second, the defendant helped to commit or encouraged someone else to commit the crime of using a firearm during and in relation to a drug trafficking crime.

    (C)    Third, that the defendant intended to help commit or encourage the crime of using a firearm during and in relation to a drug trafficking crime. The defendant intended to aid and abet the crime of using a firearm during and in relation to a drug trafficking crime if he had advance knowledge that an accomplice would use a firearm during the commission of a drug trafficking crime. Advance

26

knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from the enterprise. Knowledge of the firearm may, but does not have to, exist before the underlying crime is begun.

(D)    Fourth, that the defendant knew or expected that the firearm would be used during and in relation to the drug trafficking crime to cause the death of another person.

(E)    Fifth, that the death was an unlawful killing of a human being with malice aforethought.

(4)    If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you cannot find the defendant guilty of using a firearm during and in relation to a drug trafficking crime as an aider and abettor.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 12.04

**Court's Instruction No. __: Pinkerton Liability for Substantive Offenses Committed by Other Members of a Conspiracy**

(1)     The law also provides a third way in which a defendant can be held responsible for an offense. Under this legal rule, all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

(2)     In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

(3)     But for you to find any of the defendants guilty of count three based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

   (A)     First, there was a conspiracy or agreement to use a firearm during and in relation to the drug trafficking conspiracy charged in Count Two of the indictment, and to use the firearm to commit a murder as part of that agreement.

   (B)     Second, that the defendant joined this conspiracy or agreement, and after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of using a firearm to cause the death of Devin Wallace during and in relation to a drug trafficking crime.

   (C)     Third, that this crime was committed to help advance the conspiracy.

28

(D)     Fourth, the death of Devin Wallace was an unlawful killing of a human being with malice aforethought.

(E)     And fifth, that the use of the firearm to commit the murder was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

(4)     This does not require proof that each defendant specifically agreed or knew that the crime would be committed. But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

(5)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 3.10

29

**Court's Instruction No. __: Elements of Count Four**
(Misleading Communication to Hinder Investigation of a Federal
Offense)

(1)   Count four of the indictment charges Deaunta Belcher with
obstruction of justice. For you to find him guilty of this crime, you
must find that the government has proved each and every one of
the following elements beyond a reasonable doubt.

  (A)   First, that the defendant knowingly engaged in misleading
  conduct toward another person.

  (B)   Second, the defendant acted with the intent to hinder, delay,
  or prevent the communication of information to a law
  enforcement officer of the United States or judge of the
  United States.

  (C)   Third, that there was a reasonable likelihood that at least
  one of the relevant communications would have been
  transferred to a federal law enforcement officer.

  (D)   Fourth, such information related to the commission or
  possible commission of a federal offense.

(2)   Now, I will give you more detailed instructions on some of these
terms.

  (A)   The term "misleading conduct" means knowingly making a
  false statement, intentionally omitting material information
  from a statement and thereby causing a portion of such
  statement to be misleading, or intentionally concealing a
  material fact, and thereby creating a false impression by
  such statement.

  (B)   The defendant need not have directly communicated with,
  and the misleading conduct need not have been directed to, a
  federal officer. Nor does the defendant need to have

30

specifically intended to mislead federal officials. In other words, a specific intent to mislead federal officials is not required.

(C) The information need not be material. Instead, it need only relate to the possible commission of a federal offense.

(D) However, the government need not prove that the defendant knew the information related to a federal offense or knew that the communications were reasonably likely to reach a federal officer.

(3) If you are convinced that the government has proved all of these elements for this charge, say so by returning a guilty verdict on this charge. If you have reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

*United States v. Johnson*, 874 F.3d 1078, 1081–83 (9th Cir. 2017); *United States v. Eaton*, 784 F.3d 298, 305–06 (6th Cir. 2015) (information not required to be material); *United States v. Carson*, 560 F.3d 566, 580 (6th Cir. 2009) (Section 1512(b)(3) does not require a specific intent to mislead federal officials, only the possibility or likelihood that the false and misleading information would be passed along to federal officials); Model Criminal Jury Instructions for the Third Circuit, 6.18.1512B-1 (updated January 2014); Pattern Criminal Jury Instructions of the Seventh Circuit, p. 447–49, 453–54, 2012 Edition.

**Court's Instruction No. __: Unindicted, Unnamed, or Separately Tried Co-Conspirators**

(1)    Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

(2)    Nor is there any requirement that the names of all the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 3.06

32

# Part Five: Defendants' Theory of the Case

## Court's Instruction No. __: Defense Theory

(1)     That concludes the part of my instructions explaining the elements of the crimes. Next I will explain the defendants' positions.

(2)     The defense says _____.


Sixth Circuit Pattern Criminal Jury Instructions, 2016 Edition, § 6.01

# Part Six: Special Evidentiary Matters

## Court's Instruction No. __: Introduction

That concludes the part of my instructions explaining the elements of the crimes [and the defendant's position]. Next I will explain some rules that you must use in considering some of the testimony and evidence.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 7.01

**Court's Instruction No. __: Defendant's Election Not to Testify or Present Evidence**

(1)    A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2)    Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 7.02A

**Court's Instruction No. ___: Defendant's Testimony**

(1)     You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(2)     You should consider those same things in evaluating the defendant's testimony.


Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 7.02B

**Court's Instruction No. __: Opinion Testimony**

(1)     You have heard the evidence of _____, who testified as an opinion witness.

(2)     You do not have to accept _____'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he/she reached his/her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3)     Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 7.03

37

**Court's Instruction No. __: Impeachment by Prior Inconsistent Statement Not Under Oath**

(1)     You have heard the testimony of _____. You have also heard that before this trial he made a statement that may be different from his testimony here in court.

(2)     This earlier statement was brought to your attention only to help you decide how believable his testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.


Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 7.04

38

**Court's Instruction No. __: Impeachment of a Witness Other than Defendant by Prior Conviction**

(1)    You have heard the testimony of _____. You have also heard that before this trial he was convicted of a crime.

(2) This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

Sixth Circuit Pattern Criminal Jury Instructions, 2016 Edition, § 7.05B

**Court's Instruction No. __: Testimony of a Cooperating Defendant**

(1) You have heard the testimony of Billy Chambers, Jr., Stephen Brown, Darnell Bailey, and Franklin Aday. You have also heard that the government has promised those witnesses that it will recommend a reduced sentence and/or not be prosecuted for certain other crimes in exchange for their cooperation.

(2)  It is permissible for the government to make such a promise. But you should consider those witnesses' testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

(3)  Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

Sixth Circuit Pattern Criminal Jury Instructions, 2016 Edition, § 7.07

40

## Court's Instruction No. __: Summaries and Other Materials Not Admitted in Evidence

(1)     During the trial you have seen or heard summary evidence in the form of a chart, spreadsheet, or similar material. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2)     But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 7.12A

41

**Court's Instruction No. __: False Exculpatory Statements**

(1)     You have heard testimony that after the crime was supposed to have been committed, Deaunta Belcher suggested the murder of Devin Wallace resulted from his "snitching."

(2)     If you believe that the defendant made this statement, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that Deaunta Belcher committed the crimes charged. This statement may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, it may have been true. The defendant has no obligation to prove that he had an innocent reason for his conduct

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 7.14

**Court's Instruction No. __: Statement by Defendant**

(1)    You have heard evidence that the defendant made a statement in which the government claims he admitted certain facts, including that he sells illegal drugs. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

(2)    You may not convict the defendant solely upon his own uncorroborated statement or admission.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 7.20

43

# Part Seven: Deliberations and Verdict

## Court's Instruction No. __: Introduction

(1)     That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4)     If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

(5)     One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 8.01

44

**Court's Instruction No. __: Experiments, Research, Investigation, and Outside Communications**

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)     During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3)     You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

45

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 8.02

**Court's Instruction No. __: Unanimous Verdict**

(1)    Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

(2)    To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)    To find the defendant not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)    Either way, guilty or not guilty, your verdict must be unanimous as to each count.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 8.03

47

**Court's Instruction No. __: Duty to Deliberate**

(1)    Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)    But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)    No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4)    Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 8.04

**Court's Instruction No. __: Punishment**

(1)    If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)    Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)    Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 8.05

**Court's Instruction No. __: Verdict Form**

(1)     I have prepared a verdict form that you should use to record your verdict. <mark>I will read the form at the end of these instructions</mark>.

(2)     If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.


Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 8.06

## Court's Instruction No. __: Verdict Limited to Charges Against These Defendants

(1)     Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(2)     Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 8.08

## Court's Instruction No. __: Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 8.09

**Court's Instruction No. __: Juror Notes**

(1)    Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2)    Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.


Sixth Circuit Pattern Jury Instructions, 2017 Edition, § 8.10