```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MICHIGAN
                      SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

    Plaintiff,

            **HONORABLE AVERN COHN**

  v.

            **No. 16-20143**

**D-2 DEAUTA BELCHER and
D-3 ANDRE WATSON,**

    Defendants.
_____/


      **JURY TRIAL EXCERPT - VOLUME 12**
         Rule 29 Motion
      **Friday, October 19, 2018**


Appearances:

Shane Cralle
Terrence Haugabook      John A. Shea
U.S. Attorney's Office     Law Office
211 W. Fort Street, #2300   120 N. Fourth Avenue
Detroit, Michigan  48226    Ann Arbor, Michigan  48104
(313) 226-9100        (734) 995-4646
 On behalf of Plaintiff     On behalf of Deft. Belcher

              Bertram L. Johnson
              Law Ofc of Christian Ray & Assc.
              23756 Michigan Avenue, #300
              Dearborn, Michigan  48124
              (313) 598-4193
               On behalf of Deft. Watson

           - - -
   *To obtain a certified transcript, contact:*
   *Sheri K. Ward, Official Court Reporter*
   *Theodore Levin United States Courthouse*
 *231 West Lafayette Boulevard, Room 219*
     *Detroit, Michigan  48226*
  *(313)234-2604 · ward@transcriptorders.com*

 *Transcript produced using machine shorthand and CAT software.*

*Jury Trial Excerpt*
*Friday, October 19, 2018/Vol. 12 Excerpt*

**I N D E X**

|  | Page | Vol. |
|---|---|---|
| Rule 29 Motion | 3 | 12 |
| Argument by Mr. Shea | 3 | 12 |
| Argument by Mr. Cralle | 8 | 12 |
| Argument by Mr. Shea | 10 | 12 |
| Argument by Mr. Cralle | 11 | 12 |
| Argument by Mr. Shea | 11 | 12 |
| Motion Taken Under Advisement by the Court | 11 | 12 |
| Certification of Reporter | 11 | |

- - -

**E X H I B I T S**

| Number | Description | Id'd | Rcvd | Vol. |
|---|---|---|---|---|

***None Marked, Offered or Received***

- - -

*16-20143; U.S.A. v. Belcher/Watson*

*Rule 29 Motion*
*Friday/October 19, 2018/Vol. 12*

*Vol. 12/Page 3*

1  Detroit, Michigan
2  Friday, October 19, 2018
3  - - -
4  (Beginning of excerpt.)
5  **THE COURT:** Okay. Go ahead.
6  **MR. SHEA:** Judge, on behalf of Mr. Belcher, I'm going
7  to argue in reverse order. Count Four is the, the charge under
8  18 United States Code Section 1512(b)(3), which we discussed --
9  **THE COURT:** Let me have the indictment.
10  **MR. SHEA:** I would argue, Your Honor, that --
11  **THE COURT:** Excuse me one moment. Never mind.
12  Go ahead.
13  **MR. SHEA:** Judge, I'm going to reverse myself. I'm
14  just going to argue from the beginning.
15  In Count One, Your Honor, with respect to the murder for
16  hire, we argue that the Court should direct a judgment of
17  acquittal because the only direct evidence that Mr. Belcher was
18  involved in a murder for hire plot is through what I would
19  characterize as fatally tainted former codefendants whose
20  unreliability, inconsistent statements and outright lies have
21  been demonstrated in the trial of this case.
22  With respect to Count Two, I don't have an argument with
23  respect to the drug conspiracy itself. I don't think I can
24  argue that there has not been evidence for the jury to hear on
25  the existence of a drug conspiracy since Mr. Belcher's own

*16-20143; U.S.A. v. Belcher/Watson*

*Rule 29 Motion*
*Friday/October 19, 2018/Vol. 12*

*Vol. 12/Page 4*

1  words demonstrate that he was in one.
2      But with respect to Count Three, which is the commission
3  of a murder in connection with the drug conspiracy, I would
4  rely on the same argument I just made with respect to
5  Count One.  The only direct evidence that he was involved in a
6  murder plot at all is through the fatally tainted testimonies
7  of Messrs. Chambers, Bailey and Brown.  Also, there was
8  precious little, if any, evidence that Mr. Wallace's murder had
9  anything to do with Mr. Belcher's drug dealings.
10     And finally, with respect to Count Four, Your Honor, I
11 don't have the superseding indictment in front of me, could you
12 tell me the on or about date in Count Four?
13         **THE COURT:**  What?
14         **MR. SHEA:**  Okay.  That's what I thought, that the
15 superseding indictment for Count Four charges that Mr. Belcher
16 intentionally misled a law enforcement --
17         **THE COURT:**  Give me the superseding indictment.
18     Didn't I ask you to give me a redacted form?
19         **MR. CRALLE:**  Of the indictment?  I don't recall the
20 indictment.
21         **THE COURT:**  Well, I'm going to -- yes, here it is.
22 No, I'll tell you what I want you to do.  It's the superseding
23 indictment that was returned March 7th?
24         **MR. CRALLE:**  Yes.
25         **THE COURT:**  I am going to read it to the jury at the

*16-20143; U.S.A. v. Belcher/Watson*

*Rule 29 Motion*
*Friday/October 19, 2018/Vol. 12*

*Vol. 12/Page 5*

1 beginning.
2     **MR. CRALLE:** Your Honor, I think I actually gave a --
3     **THE COURT:** What?
4     **MR. CRALLE:** I'm sorry, I need to stand up.
5 Your Honor, I believe I submitted at the same time as the
6 revised verdict form a --
7     **THE COURT:** I'm sure you did, but I don't happen to
8 have it in front of me.
9     **MR. CRALLE:** I'm sorry. I will make sure that the
10 Court gets another copy of that today.
11     **THE COURT:** All right, because I took some of the
12 legalese out of it.
13     **MR. CRALLE:** That's correct, you did.
14     **THE COURT:** Okay.
15     **MR. SHEA:** I gave you my argument on Count One. I
16 want to go back to my argument on Count Two, the drug
17 conspiracy. While I believe the Government has elicited enough
18 evidence for a jury to consider whether Mr. Belcher was
19 involved in a drug conspiracy, I don't believe the Government
20 has elicited any evidence or at least not sufficient evidence
21 for a jury to consider that Mr. Watson was part of
22 Mr. Belcher's drug-dealing activities.
23     With respect to Count Three, that's the 924(j) count,
24 murder in the course of a drug conspiracy, I make the same
25 argument that I made with respect to Count One regarding the

*Rule 29 Motion*
*Friday/October 19, 2018/Vol. 12*

*Vol. 12/Page 6*

1   quality of the evidence --
2           **THE COURT:**  Repeat your argument on Count One.
3           **MR. SHEA:**  The only direct evidence that Mr. Belcher
4   was involved in a murder plot was the testimony of Messrs.
5   Brown, Bailey and Chambers.
6           **THE COURT:**  Yeah, and if the jury believes them, he's
7   guilty.
8           **MR. SHEA:**  It's a motion for judgment of acquittal.
9   I'm suggesting to the Court they are so unreliable that the
10  jury shouldn't even hear it.
11          **THE COURT:**  They are unreliable?
12          **MR. SHEA:**  Yes.
13          **THE COURT:**  You want me to make that finding?
14          **MR. SHEA:**  I would love for you to make that finding,
15  Judge.
16          **THE COURT:**  Boy, I've got to tell you, if I was as
17  right wing as Clarence Thomas, I wouldn't make that ruling.
18          **MR. SHEA:**  I think I know how you are going to rule
19  on Count One, Judge.
20      With respect to Count Three, which is the 924(j) theory of
21  murder that the Government has brought, I would make the same
22  argument as to Count One, but in addition, I would say there's
23  precious little, if any, evidence that Mr. Wallace's death had
24  anything to do with Mr. Belcher's drug activities.  And so the
25  924(j) count requires the Government not only to show that

*Rule 29 Motion*
*Friday/October 19, 2018/Vol. 12*

*Vol. 12/Page 7*

1   Mr. Belcher somehow was involved in Mr. Wallace's death, but it
2   was connected, it was in relation to or in the course of
3   Mr. Belcher's drug-dealing activities, and I don't believe
4   there has been sufficient evidence of that adduced for a jury
5   to consider it.
6        And then finally, Your Honor, with respect to Count Four,
7   the superseding indictment charges that on or about 9-24-15,
8   September 24th, 2015, Mr. Belcher misled essentially Detectives
9   Mitchell and Lucy of the Detroit Police Department with the
10  intent to hinder information getting to a federal officer.  I
11  don't think there's been any evidence whatsoever to suggest
12  that whatever deceptions Mr. Belcher may have put forth in that
13  September 24th, 2015 interview that there was any intent to
14  hinder information going to a federal agent.
15       Thank you, Your Honor.
16            **THE COURT:**  Mr. Johnson?
17            **MR. JOHNSON:**  Judge, if I may --
18            **THE COURT:**  What?
19            **MR. JOHNSON:**  If I may, I would like to make mine
20  after I put in my proofs.
21            **THE COURT:**  Oh, okay.
22            **MR. JOHNSON:**  Thank you.
23            **MR. CRALLE:**  Would you like me to respond now or
24  later?
25            **THE COURT:**  Yeah, let's go ahead now.

*16-20143; U.S.A. v. Belcher/Watson*

*Rule 29 Motion*
*Friday/October 19, 2018/Vol. 12*

*Vol. 12/Page 8*

1   First of all, let me ask you this.
2           **MR. CRALLE:**  Yes, sir.
3           **THE COURT:**  What evidence is there that Watson was
4   involved in the drugs?
5           **MR. CRALLE:**  In the drug portion?
6           **THE COURT:**  Yeah.
7           **MR. CRALLE:**  Your Honor, there was evidence from a
8   number of witnesses that Mr. Watson worked for Mr. Belcher.  In
9   fact, one of the witnesses described him as an enforcer, an
10  enforcer for the work that Mr. Belcher does, which is drug and
11  drug and fraud related.  It's very difficult, if not
12  impossible, to distinguish the drug business from the fraud
13  business because they are so interwoven, and the testimony was
14  that Mr. Watson is an enforcer for Mr. Belcher.  As this Court
15  is well aware, once a drug conspiracy is established, the
16  connection from one person to the next need only be slight.
17          **THE COURT:**  Where did the oxycodone come in?
18          **MR. CRALLE:**  The oxycodone?  Franklin Aday as well as
19  Latasia Banks as well as the phone showed that Mr. Belcher was
20  distributing pills in addition to cocaine.
21          **THE COURT:**  Okay.  Let me ask you this.  What's the
22  theory of Belcher using a firearm?
23          **MR. CRALLE:**  Your Honor, Mr. Belcher did not use a
24  firearm.  I would not even attempt to make that argument.
25  However, as Your Honor is aware, in order to be guilty of an

*Rule 29 Motion*
*Friday/October 19, 2018/Vol. 12*

*Vol. 12/Page 9*

1  offense you don't have to be the principal.  You can also aid
2  and abet or you can also be liable under the Pinkerton theory,
3  and it would be the Government's position that Mr. Belcher is
4  liable for Mr. Watson's use of the gun through both an aiding
5  and abetting theory as well as a Pinkerton theory of liability.
6  That related to, at least in part, his drug business, and by
7  Mr. Watson using that gun, he is liable.
8              **THE COURT:**  And with regard to Count Four --
9              **MR. CRALLE:**  Yes, Your Honor.  Count Four --
10             **THE COURT:**  Wait a minute.
11             **MR. CRALLE:**  Yes, sir.
12             **THE COURT:**  How did he know when he's lying to the
13 Detroit detectives?
14             **MR. CRALLE:**  Your Honor, with Count Four Mr. Belcher
15 made a number of misleading statements, and Mr. Belcher also
16 said that the victim was killed because he was snitching to the
17 DEA.  Obviously the DEA is a federal law enforcement agency,
18 and in fact there was testimony at trial that because
19 Mr. Belcher told the detectives that on the night of the
20 homicide that the detectives immediately called the DEA because
21 they were concerned and, indeed, the first indictment is
22 evidence that the Government wasted a lot of time trying to run
23 down that Mr. Wallace was killed in relation to his cooperation
24 with the Federal Government.  Obviously, by talking to the
25 police in an investigation when they are investigating whether

*Rule 29 Motion*
*Friday/October 19, 2018/Vol. 12*

*Vol. 12/Page 10*

*1* or not he was murdered as a result of his cooperation with law
*2* enforcement, any information given to those detectives, it is a
*3* reasonable likelihood it would be passed along to federal
*4* agents.
*5*         **THE COURT:**  Well, okay.  Go ahead.  Anything further?
*6*         **MR. CRALLE:**  No, Your Honor.  Certainly, as the Court
*7* is well aware, viewed in a light most favorable to the
*8* Government, we don't assess the credibility of the witnesses,
*9* as counsel would like.  That's for the jury to decide.  The
*10* testimony certainly established all of the elements of the
*11* offense, and so the Government has submitted sufficient
*12* evidence to proceed to the jury on all counts.
*13*         **MR. SHEA:**  Your Honor, can I respond just briefly
*14* with respect to Count Four?
*15*         **THE COURT:**  What?
*16*         **MR. SHEA:**  Can I respond just briefly with respect to
*17* Count Four?
*18*     The superseding indictment charges that on or about
*19* September 24, 2015 Mr. Belcher made these misleading
*20* statements.  I don't believe in the interview, portions of
*21* which were played into evidence in this trial, there was any
*22* mention of DEA or anything like that.  The only statement that
*23* I believe attributed the words DEA or the acronym DEA to
*24* Mr. Belcher, maybe I'm wrong and maybe Mr. Cralle will correct
*25* me, were his statements to Detective -- very brief, the guy was

*16-20143; U.S.A. v. Belcher/Watson*

*Rule 29 Motion*
*Friday/October 19, 2018/Vol. 12*

*Vol. 12/Page 11*

1  snitching to the DEA statement to Sergeant Eby on the scene on
2  September the 11th.
3      **MR. CRALLE:**  That is correct, and because that had
4  been done on September 11th, all the information under
5  investigation was being coordinated through the DEA to try to
6  determine what was happening and why this murder had occurred.
7      **MR. SHEA:**  I just don't see how that gets placed into
8  Mr. Belcher's state of mind and what he intended.
9      **THE COURT:**  Okay.  The Court will take the motion
10 under advisement.
11     **MR. SHEA:**  Thank you, Judge.
12    (End of excerpt.)
13                         -  -  -
14              **C E R T I F I C A T I O N**
15    I certify that the foregoing is a correct transcription of
16 the record of proceedings in the above-entitled matter.
17
18 s/ Sheri K. Ward                    5/10/2019
   Sheri K. Ward                       Date
19 Official Court Reporter
20                         -  -  -
21
22
23
24
25

*16-20143; U.S.A. v. Belcher/Watson*