UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs                                     Cr. No.   16-20143
                                     HONORABLE AVERN COHN

D-2 DEAUNTA BELCHER,

        Defendant.
_____/

**RENEWED MOTION FOR JUDGMENT OF ACQUITTAL,
OR FOR NEW TRIAL, PURSUANT TO FED.R.CRIM.P 29(a) AND 33**

    Defendant Deaunta Belcher, by his attorney John A. Shea, respectfully renews his October 19, 2018 oral motion for a judgment of acquittal as to Counts 1, 3 and 4 of the Superseding Indictment. Defendant brings this Motion for the reason that, even taken in the light most favorable to the Government, the evidence at trial fails to establish the elements of the crime charged beyond a reasonable doubt.  Defendant's Brief in Support of this Motion follows.

    In the alternative, pursuant to F.R.Cr.P. 33(a), Defendant brings this Motion for New Trial on the ground that the verdict is not supported by reliable evidence and were against the great weight of the reliable evidence, and accordingly a new trial would be in the interest of justice.  Counsel is aware that his request that the Court consider granting a new trial is made well past the deadline contained in Rule 33, but asserts that the delay should be excused in light of (a) the Court's recent request for a written Rule 29 motion, (b) the preparation of transcripts for use in connection with the Rule 29 motion, and (c) the Court having considered co-defendant

Andre Watson's Rule 33 motion after the deadline as well. Again, counsel's Brief in Support of this Motion follows.

Dated: June 21, 2019         s/John A. Shea
                                                   John A. Shea (P37634)
                                                   Attorney for Defendant
                                                   120 N. Fourth Avenue
                                                   Ann Arbor, Michigan 48104
                                                   (734) 995-4646
                                                   jashea@earthlink.net

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs                                 Cr. No.   16-20143
                                 HONORABLE AVERN COHN

D-2 DEAUNTA BELCHER,

        Defendant.
_____/

**BRIEF IN SUPPORT OF RENEWED MOTION FOR JUDGMENT OF ACQUITTAL, OR FOR NEW TRIAL, PURSUANT TO FED.R.CRIM.P 29(a) AND 33**

    Defendant was charged in a superseding indictment with:  Count 1--"Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire" in violation of 18 U.S.C. § 1958; Count 2--"Conspiracy to Possess with Intent to Distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1);" Count 3--"Use of a Firearm During and in Relation to a Drug Trafficking Crime Causing Death" in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j); and Count 4--"Hindering a Federal Investigation" in violation of 18 U.S.C. § 1512(b)(3).  Defendant's Motion goes to the verdicts on Counts 1, 3 and 4 only.

    It should be noted that Defendant's counsel made an oral motion for acquittal on October 19, 2018, at the close of the Government's proofs.  [TR 10/19/18, "Jury Trial Excerpt"—Vol. 12.]  The Court took the motion under advisement [Id., p. 11.], and later asked counsel to renew the motion in writing.  This motion and brief are in response to the Court's request.

The Court may enter a Judgment of Acquittal pursuant to Fed.R.Crim.P. 29(c) when, after viewing the evidence in the light most favorable to the Government, it concludes that no rational trier of fact could find the essential elements of the offense established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *United States v. Solorio*, 337 F.3d 580, 588 (6th Cir. 2003); *United States v. Copeland*, 321 F.3d 582, 600 (6th Cir. 2003).  In this case, Defendant requests such relief in connection with Counts 1, 3 and 4 of the Superseding Indictment.

The Court, in the alternative, may order a new trial pursuant to Fed.R.Crim.P. 33(a) "if the interest of justice so requires." Defendant argues that such relief would be appropriate here because the jury's verdicts were not supported by reliable evidence and were against the great weight of the reliable evidence.

**ARGUMENT**

Count 1:  Murder for Hire.

The Government's case against Deaunta Belcher on the "Murder for Hire" count rested squarely on the testimony of three of Defendant's co-defendants, Darnell Bailey, Stephen Brown, and Billie Jo Chambers, and especially Messrs. Bailey and Brown who claimed that Mr. Belcher was the mastermind of the murder plot.  All three had pled guilty previously to the same "murder for hire" charge:  Mr. Bailey as the person who helped orchestrate the hit, Mr. Brown as a shooter, and Mr. Chambers as the driver of the car that contained the shooters. At the time of the murder, all three had multiple convictions for, and were on parole or probation for, robbery, theft or fraud

2

convictions unrelated to Mr. Belcher.  All three had repeatedly lied to investigators in this case prior to deciding to cooperate.  All three had cooperation agreements with the Government that allowed them to recant their previous lies and escape spending the rest of their lives in prison if they put Mr. Belcher into the murder for hire conspiracy.  All three were exposed as liars even in their sworn testimony at trial.  In more abbreviated form, this was the basis for counsel's oral Rule 29 motion [TR 10/19/18, pp. 3-4, 5-6], and, in more expanded form, a central focus of his closing argument [TR 10/22/18, Vol. 13, e.g. pp.27-36].

    The Government will claim that they had evidence to corroborate the cooperators' testimony, in the form of videorecordings showing Mr. Belcher leaving the scene of the murder shortly before it occurred and returning to it afterwards, and phone records showing him in contact with Messrs. Bailey, Brown and co-defendant at trial Andre Watson prior to and after the murder.  However, it will be conceded by the Government that the evidence showed Mr. Belcher to have had a business relationship (involving automobile frauds) with the victim in this case, as well as relationships with his co-defendants unrelated to the murder, the latter of which included regular and numerous phone calls.  The only way this evidence "corroborated" the cooperators' testimony was by way of the cooperators' testimony itself—-a classic bootstrap.

    In response to counsel's oral Rule 29 motion, the Government argued that the defense was asking the Court to rule based on its view of the credibility of the informants.  [TR 10/19/18, p. 10.]  In reply, undersigned counsel says that his argument does not rely on a

mere credibility analysis.  It's not like all counsel did was demonstrate some kind of bias, for instance, on the part of the informants.  Rather, the evidence at trial exposed each of the informants to be acknowledged and habitual liars and cheats, to have repeatedly lied to investigators in this case, to then have been importuned by law enforcement to turn state's evidence on pain of lifetime incarceration otherwise, and to have lied to the jury at certain points in their trial testimony.  Counsel's argument was that these witnesses were not just incredible, but rather that their testimony was fundamentally unreliable.

Balanced against the unreliability of the co-defendant informants was evidence that weighed in favor of Mr. Belcher's claim of innocence.  The murder occurred in broad daylight one block from Mr. Belcher's residence.  Mr. Belcher went to the murder scene immediately after it had occurred, with his young daughter, and had Mr. Bailey call 911.  Mr. Belcher remained at the scene and answered police questions.

As to Count 1, Counsel believes that the above descriptions of the evidence is sufficient for the Court to grant the Rule 29 motion initially brought on October 18.  Even if the Court disagrees however, they support the Rule 33 motion for a new trial.  In considering a Rule 33 motion, the Court is not bound to view the evidence in the light most favorable to the Government, nor is it precluded from assessing the credibility of the Government's witnesses.  *See, e.g., United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988), *United States v Clayton*, 787 F.3d 929, 935 (8th Cir. 2015).  Given the demonstrated fundamental unreliability of the co-

4

defendant informants, and discounting their evidence as fundamentally unreliable, the verdict as to Count 1 was against the weight of the remaining evidence and it would be in the interest of justice to grant a new trial.

Count 3:  Death by Firearm in Course of Drug Trafficking.

The elements of this offense are (1) a drug trafficking crime, (2) the use or carrying of a firearm in furtherance of drug trafficking, (3) the death of a person by that firearm, and (4) the death constituting a murder under 18 U.S.C. § 1111.  *See United States v. Watson*, 55 Fed. Appx. 289, 300 (6th Cir. 2003).

Defendant reiterates his arguments as to Count 1:  for Rule 29 purposes the proofs do not sufficiently support his involvement in the killing at all.

Additionally, however, there was scant evidence that the murder had anything to do with Mr. Belcher's drug trafficking.  Counsel concedes that ample evidence was adduced about Mr. Belcher's drug trafficking.  However, the only evidence about why the victim was killed came from Mr. Bailey.  His testimony was that the he, Mr. Belcher, and the victim were in a substantial fraud conspiracy involving automobile titles, sales, financing, and insurance.  He further testified that he and Mr. Belcher were at odds with the victim over money.  Bailey testified that a separate cause for Mr. Belcher's irritation with the victim was the victim selling Mr. Belcher some tainted heroin at some point in the past.  However, the general tenor of Bailey's testimony was that the victim was killed

5

over a build-up of business grievances in connection with the automobile-related frauds.

In responding to counsel's oral Rule 29 motion, the Government said, "It's very difficult, if not impossible, to distinguish the drug business from the fraud business because they are so interwoven ...." This is not true. In fact, the "fraud business" was described in detail by Mr. Bailey, the drug business not so much, and, at least to counsel's recollection, the intersection of those two not at all as it related to the victim. Equally if not more important, if it is "impossible" to distinguish the drug and fraud businesses, how can the evidence support, beyond a reasonable doubt, that the killing was related to the "drug" aspect of the business?

For this additional reason, a judgment of acquittal should be entered as to Count 3. And again, if the Court is not convinced that Rule 29 supports that remedy, Mr. Belcher deserves a new trial on Count 3 under Rule 33(a) because of the dearth of evidence as to the link between the victim's murder and Mr. Belcher's drug trafficking.

Count 4:  Hindering a Federal Investigation.

As the jury was instructed in this case, the elements of this offense (18 U.S.C. § 1512(b)(3)) are that (a) the defendant knowingly engaged in misleading conduct; (b) the defendant did so with the intent to hinder, delay or prevent communication of information to a federal law enforcement officer; (c) there was a reasonable likelihood that the misleading information would be communicated to the federal law enforcement officer; and (4) the information related to a federal offense. [Jury Instruction 20.]

6

The charge relates to statements made by Mr. Belcher to Detroit Police Department detectives on September 24, 2015, specifically related to Mr. Belcher's knowledge of and denial of contacts with co-defendant Stephen Brown.  [Superseding Indictment, p. 4.]  For purposes of Mr. Belcher's Rule 29 and Rule 33 motions, the defense acknowledges the evidence of those misleading statements.  However, and this was the defense as to Count 4, there is not any evidence, let alone sufficient evidence, to suggest that when Mr. Belcher made those statements he intended to hinder/delay/prevent communication of those statements to federal law enforcement.  [TR 10/19/18, p. 7.]

The Government responded to the oral Rule 29 motion on Count 4 by focusing on <u>other</u> allegedly misleading statements by Mr. Belcher, that the victim was killed because he was a DEA informant, which were not charged in the indictment.  [TR 10/19/18, p. 9-10.]  This response is in itself insufficient, as counsel pointed out at that time.  [TR 10/19/18, p. 10-11.]  Regardless of what may be made of the alleged "DEA informant" statements offered by Mr. Belcher at the murder scene on September 11, 2015, there simply is not any evidence that, when denying his recent relationship with Stephen Brown two weeks later at his interview with DPD detectives, Mr. Belcher intended to hinder/delay/prevent a <u>federal</u> investigation.  The victim's status or speculation as a DEA informant was not even discussed in that interview.  Accordingly, the evidence was by definition insufficient to prove Mr. Belcher's guilt of this charge.

7

## CONCLUSION

For the above reasons, Defendant asks that the Court enter judgments of acquittal on Counts 1, 3 and 4 of the Superseding Indictment, or order a new trial on those Counts.

Respectfully submitted,

Dated: June 21, 2019

s/John A. Shea
John A. Shea (P37634)
Attorney for Defendant
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
(734) 995-4646
jashea@earthlink.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on June 21, 2019, he electronically filed a copy of Defendant's *Renewed Motion for Judgment of Acquittal, or for New Trial, Pursuant To Fed.R.Crim.P 29(A) and 33* and *Brief in Support* of same.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Dated: June 21, 2019                s/John A. Shea
                                    John A. Shea (P37634)
                                    Attorney for Defendant
                                    120 N. Fourth Avenue
                                    Ann Arbor, Michigan 48104
                                    (734) 995-4646
                                    jashea@earthlink.net