**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DISTRICT**

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:16-cr-20143

v.

HON. AVERN COHN

D-2 DEAUNTA BELCHER

        Defendant,

_____/

## I. BACKGROUND

This is a criminal case involving a murder-for-hire conviction and related drug offenses. Deaunta Belcher (Belcher) was convicted by a jury for:

1. Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire, 18 U.S.C. § 1958,
2. Conspiracy to possess with Intent to Distribute, 21 U.S.C. § 846,
3. Use of a Firearm During and in Relation to a Drug Trafficking Crime Causing Death, 18 U.S.C. §§ 924(c), (j),
4. Misleading Communication to Hinder Investigation of a Federal Offense, 18 U.S.C. § 1512(b)(3).

At trial, Belcher made an oral Rule 29 motion seeking acquittal. The Court gave reasons, that were stated on the record, for why the motion should be denied; but ultimately said it would take the motion under advisement. For the reasons stated below, and on the record, the motion is DENIED.

## II. EVIDENCE AT TRIAL

The government's evidence at trial consisted of, among other things, lay witness testimony, expert testimony, and a surveillance video.

The surveillance video shows the victim, Devin Wallace, sitting inside his car, which was parked on a street. A vehicle pulls alongside Wallace and a masked shooter

exits the rear passenger side of the vehicle. The masked shooter then draws a pistol and fires multiple shots into Wallace's car, killing him. The masked shooter gets back into the vehicle and flees the scene.

The government's evidence included witness testimony from three co-conspirators. Two of the co-conspirators testified that Watson was the masked shooter on the surveillance video and that they were in the vehicle that fled the scene at the time of the shooting. A third co-conspirator present at the scene during the killing testified that Watson was an enforcer for Belcher. Multiple witnesses testified that Belcher hired Watson to kill Wallace. The third co-conspirator also testified about Belcher's drug activities.

The government's expert testified about cell-phone tracking. By tracking the phone activities of Belcher, Watson, and co-conspirators, the government's expert was able to corroborate the lay witness testimony by placing Belcher's phone in the area at the time of the shooting. The expert also showed that multiple calls were made to Watson just before the shooting.

Lastly, the government introduced evidence that showed Belcher had made false statements to government officials with the intent to mislead them.

### III.  DISCUSSION
#### A. Murder for Hire, 18 U.S.C. § 1958

To obtain a conviction for murder-for-hire, the government must prove that Belcher (1) used a facility of interstate commerce, (2) with the intent that a murder be committed, and (3) that the murder was committed as consideration for the promise or agreement to pay anything of pecuniary value. U.S. v. Acierno, 579, F.3d 694, 699 (6th Cir. 2009).

Here, the government's evidence shows that Belcher used his cellular phone, which is an interstate commerce facility, to coordinate the murder of Wallace in exchange for money and valuable property. The evidence at trial was sufficient to permit a reasonable juror to convict Belcher for murder-for-hire as all the elements of the crime were satisfied by the government's proofs.

### B. Drug Conspiracy, 21 U.S.C. § 846

"In order to sustain a conviction for conspiracy under 21 U.S.C. § 846, the government must have proved (1) an agreement to violate drug laws . . . ; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy. United States v. Martinez, 430 F.3d 317, 330 (6th Cir. 2005).

Here, Belcher does not argue that there was insufficient evidence of a drug conspiracy and the government produced enough evidence to show that Belcher was guilty of a drug conspiracy.

### C. Use of Firearm in Relation to a Drug Trafficking Offense, 18 U.S.C. §§ 924

To sustain the gun offense conviction, the evidence must have established "(1) the commission of a federal crime of violence or drug trafficking; (2) the use or carrying of a firearm during or in furtherance of such a crime; (3) the death of person by the use of the firearm; and (4) the death was caused by murder as defined in 18 U.S.C. § 1111" U.S. v. Watson, 55 Fed.Appx. 289, 300 (6th Cir. 2003).[1]

Here, the government's evidence was enough to convict Belcher of the gun offense charged. It was reasonable for the jury to find that: (1) Belcher was guilty of a

---

[1] "Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by . . . willful, deliberate, malicious, and premeditated killing . . . is murder in the first degree." 18 U.S.C. § 1111.

3

drug trafficking offense, (2) Belcher used a firearm during and in furtherance of the drug conspiracy offense, (3) Wallace was killed by the use of the firearm, and (4) the death was a murder as defined in 18 U.S.C. § 1111. Thus, there was enough evidence to support a conviction under 18 U.S.C. §§ 924(c), (j).

D. Misleading Communication to Hinder a Federal Investigation, 18 U.S.C. § 1512(b)(3)

"[I]n order to obtain a conviction for obstruction of justice under 18 U.S.C. § 1512(b)(3), the government must prove that the defendant (1) knowingly and willfully engaged in misleading conduct toward another person, (2) with the intent to hinder, delay or prevent the communication of information to a federal official, (3) about the commission of a federal crime." U.S. v. Carson, 560 F.3d 566, 580 (2009) (citing U.S. v. Ronda, 455 F.3d 1273, 1284 (11th Cir. 2006)).

Here, the government's evidence shows that Belcher knowingly engaged in conduct, with the intent to hinder the communication of information to federal authorities, about the commission of crimes in which he was involved. Thus, there was sufficient evidence to support a conviction under 18 U.S.C. § 1512(b)(3).

## IV. CONCLUSION

In sum, defendant's brief in support of the motion for a new trial is 7 pages and basically challenges the credibility of government's witnesses (and evidence). (Doc. 235). The government's response brief is 19 pages long, which details and describes the witnesses and evidence presented at trial. (Doc. 237). The credibility of evidence is for the jury to decide. Simply put, the government has the better of the argument.

Accordingly, Belcher's motion for judgment of acquittal or a new trial (Doc. 235) is DENIED.

SO ORDERED.

                                                s/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

Dated: 8/9/2019
Detroit, Michigan